JOAQUÍN RAMOS DE ANAYA, JR., and MERCEDES OLLER, Plaintiffs and Appellees, *v.* HERACLIO LÓPEZ, Defendant and Appellant.

No. 3962. Argued November 23, 1926.—Decided March 25, 1927.

*Juan B. Soto* for the appellant. *Luis Muñoz Morales* and *Enrique Rincón* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an action for damages alleged to have been caused by a collision between the truck of the defendant and the automobile of the plaintiffs. The complaint alleged that the truck of the defendant was being managed negligently by a person in the employ of the defendant and that the obligation of the defendant to the complainants arose by reason of such negligence. The District Court of San Juan found in favor of the complainants. The appellant assigns various errors, but the gist of the defense against the recovery by these complainants is that the complainants did not show that the person in charge of the truck was the agent or employee of the defendant, nor yet that he was acting within the scope of his employment.

After all the evidence was in and submitted, but before the court had decided the case the defendant became advised of the trial and obtained permission from the court to file a motion for nonsuit. The overruling of this motion is one of the assignments of error.

We entirely agree with the appellant that it was necessary for the complainants to show, in general, that the person in charge of the truck was acting within the scope of his duties, but we are also completely satisfied that when a truck collides with another car on the high road it will be presumed that the person in charge of the truck was acting within the scope of his duties. The principal ground, however, on which the appellant seeks a reversal is that the evidence did not really show that the person in charge of the truck was the servant or agent of the defendant.

There was some direct evidence and stronger circumstantial evidence that the person in charge of the truck was the agent of the defendant. One witness said that the truck was being driven by Antonio Quiñones who was a peon in the house of Heraclio López, the defendant, and that the witness had seen him there. There were other witnesses who testified to the admissions of the said peon that he was driving the truck; and there was also the statement made by the defendant himself, as testified to by one of the complainants, that he, the defendant, if it was shown that the peon was driving the truck, would make good to the complainants.

The appellant says that if the complainants relied on his statement, the action should have been founded on a contract. We see no contract in the statement of Heraclio López. The complainants were using this statement as tending to show that the truck was being driven by a peon and that this peon was an employee of the defendant. It was never seriously questioned that the truck was negligently operated.

From these manifestations the court had a right to infer that Quiñones was in fact a peon of the defendant and that he negligently drove the truck. While the defendant perhaps might have shown at the trial that Quiñones was never authorized to drive the truck and took it upon himself to do so, yet where it is clearly shown, as here, that the truck belonged to the defendant and was being driven by a peon

living in the house of the defendant, the court has a right to deduce, presumptively at least, that the peon was authorized to drive the truck, either by the employer directly or by some one who had a similar authority. There was the regular chauffeur in this case and if he allowed a person to do his work who did it negligently, the employer would likewise be responsible.

We are disposed to agree with the defendant and appellant that in the foregoing recitals there was a good deal of hearsay testimony; likewise, we know that there was an attempt to prove the agency by the declaration of the agent himself. The declarations of the agent are not ordinarily the mode of proving the agency. However, all this testimony was admitted without objection, necessarily so because the defendant was not present.

The case before us, while similar to the case of *Cestero* v. *Cestero*, 35 P.R.R. 908, is stronger inasmuch as before the case was finally submitted for judgment the defendant filed a motion for a nonsuit. Such a motion accepts the facts as presented. The defendant apparently made no attempt to obtain permission to present contradictory evidence, and it is perfectly clear that he did not present a motion for a new trial.

The judgment should be affirmed.

Mr. Justice Franco Soto concurred.

Mr. Justice Hutchison took no part in the decision of this case.